UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

LETHANIA GARCIA,

                              Plaintiff,        <u>ORDER</u>

                                                     CV 08-2152(RRM)(MDG)

      - against -

THE CITY OF NEW YORK, <u>et</u> <u>al</u>.,

                              Defendants.

- - - - - - - - - - - - - - - - - - X

    Counsel for plaintiff moves to substitute Janai C. Edwards for plaintiff Lethania Garcia, who died on October 27, 2008. <u>See</u> ct. doc. 11. Attached to his application is a copy of a receipt from the State of New York, Bronx County Surrogate's Court demonstrating that Ms. Edwards petitioned to become the Administrator of Lethania Garcia's estate on January 9, 2009. <u>See</u> ct. doc. 11-3. That application is currently pending.

    Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

Fed. R. Civ. P. 25(a)(1). A "representative" of the deceased party's estate or a "successor" of the deceased party is a "proper party" for substitution. <u>See</u> <u>Kernisant v. City of New</u>

York, 225 F.R.D. 422, 429 n.6 (E.D.N.Y. 2005); Graham v. Henderson, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). Whether a person is a proper "successor or representative" of the decedent is determined by New York law. See Collins v. American Automobile Ins. Co., 230 F.2d 416, 422 (2d Cir. 1956); Graham, 224 F.R.D. at 64. A "representative" is defined as a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate. See Kernisant, 225 F.R.D. at 429 n.6; Graham, 224 F.R.D. at 64; Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986); N.Y. E.P.T.L. § 1-2.13. A "successor" of the deceased party is a "distributee" of the decedent's estate if the estate has been distributed at the time the motion for substitution is made. See Kernisant, 225 F.R.D. at 429 n.6; Graham, 224 F.R.D. at 64-65; Gronowicz, 109 F.R.D. at 626.

Ms. Edwards was the girlfriend of Mr. Garcia and the mother and guardian of his child. In the absence of proof that Ms. Edwards was granted testamentary letters of administration regarding the Estate of Lethania Garcia, she is not a "representative" of the estate. Similarly, since there is no evidence establishing that Ms. Edwards is a distributee of the estate and that the proceeds of the estate have been distributed, she is not a "successor" of the deceased plaintiff. For Ms. Edwards to be substituted, she must either notify the Court that

she is a distributee of Mr. Garcia's estate and that the estate has been distributed without being filed for probate or she must be appointed administrator or executor of Mr. Garcia's estate.

CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for substitution is denied with leave to renew.

SO ORDERED.

Dated: Brooklyn, New York
February 4, 2009

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE